MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
NORMAN LAU (State Bar No. 253690)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 North California Blvd., Suite 800
Walnut Creek, CA 94596
Telephone: (925) 949-2600
Facsimile: (925) 949-2610

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN MANNING,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br>and DOES 1-30, Inclusive,<br><br>    Defendants. | No. 3:08-cv-00238-JSW<br><br>DEFENDANT ALLSTATE INSURANCE COMPANY'S:<br><br>(1) NOTICE OF MOTION AND MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT;<br><br>(2) SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:    May 9, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom 2<br>Before:  Hon. Jeffrey S. White |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HIS ATTORNEYS AND TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on May 9, 2008 at 9:00 a.m., or as soon thereafter as counsel can be heard, in Courtroom 2, at the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, defendant Allstate Insurance Company will move, and hereby does move, to dismiss plaintiff's first and second causes of action for failure to state a cognizable claim for relief and to strike plaintiff's claims for

attorneys' fees, interest, emotional distress damages and punitive damages. *See* Fed. R. Civ. P. 12(b)(6), (f).

Allstate's motion will be and is based upon this notice, the following memorandum of points and authorities, all pleadings, records and documents on file herein, and such additional evidence and argument as may be properly introduced in support of the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action arises from Allstate's handling of plaintiff Brian Manning's insurance claim for flood damage to his home and personal property. Although Allstate accepted coverage for the claim and paid Manning, he contends that Allstate mishandled his claim and paid him less than he was due. He asserts two causes of action against Allstate, both of which fail to state a claim.

In his first claim, plaintiff alleges "breach of contract" based on the allegation that Allstate failed to adjust his claim properly and pay him in full. This claim is barred, however, by the one-year statute of limitations in plaintiff's flood insurance policy, which is governed by the National Flood Insurance Act, 42 U.S.C. § 4001(a), (b). Here, plaintiff admits Allstate paid his claim in June 2006 − more than eighteen months before he filed suit. Because plaintiff has pleaded no facts showing that the statute of limitations was tolled or inapplicable, his first claim for relief should be dismissed.

In his second claim, plaintiff asserts Allstate committed a "breach of implied covenant of good faith and fair dealing" by unreasonably withholding policy benefits. This claim is also barred by the policy's one-year statute of limitations, as it is a claim under the policy.

Finally, in any event, state law "bad faith" claims on flood policies are preempted by federal law. Accordingly, plaintiff's second claim for relief should be dismissed on this separate and independent ground. For the same reason, plaintiff's claims for attorneys' fees, interest, emotional distress damages and punitive damages should be stricken because such relief is not available under the National Flood Insurance Program.

In short, plaintiff's entire complaint should be dismissed.

## II. FACTUAL ALLEGATIONS

According to the complaint, Allstate insured plaintiff's home under a flood insurance policy, policy number 1802823235. (Complaint ("Compl."), ¶ 4.) Plaintiff further alleges that, on December 31, 2005, he discovered his home and personal property had been damaged by a flood. (*Id.* at ¶ 5.) When plaintiff submitted an insurance claim, Allstate allegedly "unreasonably delayed payment of some of the benefits owed to plaintiff until on or about June 2006." (*Id.* at ¶ 8.) The complaint further alleges that Allstate "wrongfully adjusted plaintiff's claim and refused to engage in the proper claim handling process." (*Id.* at ¶ 13.)

On the basis of these allegations, plaintiff asserts claims against Allstate for "breach of contract" and "breach of implied covenant of good faith and fair dealing." Plaintiff seeks allegedly-unpaid policy benefits, general and special damages, emotional distress damages, attorneys' fees, costs and punitive damages. (*Id.* at ¶ 15, 21-24.)

## III. LEGAL ARGUMENT

As explained below, both of plaintiff's claims are barred by the one-year statute of limitations applicable to flood insurance claims and, accordingly, should be dismissed. Fed. R. Civ. P. 12(b)(6). In addition, plaintiff's "bad faith" claim should be dismissed on the additional ground that it is preempted by federal law. Finally, plaintiff's request for attorneys' fees, interest, emotional distress damages and punitive damages should be stricken because such relief is not permitted in the context of flood insurance. Fed. R. Civ. P. 12(f).

Before addressing these defects in plaintiff's complaint, however, it is helpful to briefly review federal law governing flood insurance.

### A. The Statutory Framework Governing Flood Insurance

Flood insurance is governed by the National Flood Insurance Act of 1968 ("NFIA"). Congress enacted the NFIA in response to concerns that the private insurance industry was unable to offer reasonably-priced flood insurance on a national basis. 42 U.S.C. § 4001(a), (b); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 387 (9th Cir. 1999). The NFIA established the National Flood Insurance Program ("NFIP"), which is overseen by the Federal Emergency Management Agency ("FEMA"), to provide flood insurance at rates below actuarial rates. 42 U.S.C. § 4011(a).

1   FEMA used its regulatory authority to create the "Write Your Own" program, which allows private insurers (like Allstate) to write standard flood insurance policies in their own name, but under the same terms as flood policies issued by FEMA. 42 U.S.C. § 4081(a); 44 C.F.R. § 62.23-24. When issuing such flood policies, "Write Your Own" insurers must adhere to the exact language prescribed by federal regulations − *i.e.* that contained in the Standard Flood Insurance Policy. 44 C.F.R. §§ 61, App. A(1), 61.13. Such insurers collect premiums in segregated accounts, and, after deducting fees and administrative costs, the premiums are deposited in the National Flood Insurance Fund, a pool of United States Treasury monies earmarked for paying flood claims. 44 C.F.R. § 62.23 App. A, Art. II(E); *Mason v. Witt*, 74 F.Supp. 2d 955, 961 (E.D. Cal. 1999). Likewise, loss payments on flood claims are made from the same pool of funds. 44 C.F.R. § 62 App. A, Art. III(D). A "Write Your Own" insurer acts as "a fiscal agent of the United States" because all payments made on flood claims are binding upon the Federal Insurance Administration, which is part of FEMA. 44 C.F.R. §§ 62.23(i)(1) and (6); App. A., Art.II(F).

### B. Plaintiff's Suit Is Barred By The National Flood Insurance Program's One-Year Statute Of Limitations

#### 1. Plaintiff's Contract Claim Is Time-Barred On Its Face

It is well-settled that, where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim is appropriately granted. *See Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (if the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss). "The burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th Cir. 1993) (citations omitted); *see also Wasco Prods. v. Southwall Techs., Inc.,* 435 F.3d 989, 991 (9th Cir. 2006) ("federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings" (citations omitted)).

Federal regulations provide that all flood claims are governed by a one-year statute of limitations. Specifically, the Standard Flood Insurance Policy provides in relevant part as follows:

R. Suit Against Us

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of the loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may arising out of the handling of any claim under the policy.

44 C.F.R. § 61 App. A, Article VII(R).

Here, the complaint alleges that Allstate made its allegedly-deficient claim payment in June 2006. (Compl., at ¶¶ 8, 14.) As a result, plaintiff had one year from June 2006 to bring his claim against Allstate. Giving plaintiff the benefit of the doubt, then, any action on the policy had to be filed by June 30, 2007. He actually commenced this action on January 14, 2008, however, six months after the statute of limitations had run. Plaintiff has alleged no factual basis on which the statute of limitations should be tolled. As a result, plaintiff's first claim, for "breach of contract," is time-barred on its face.

2. Plaintiff's "Bad Faith" Claim Is Likewise Time-Barred

Claims for breach of the implied covenant of good faith and fair dealing are likewise subject to the policy's one-year suit limitation provision. *See Velasquez v. Truck Ins. Exch.*, 1 Cal. App. 4th 712, 721 (1991) ("Where denial of the claim in the first instance is the alleged bad faith and the insured seeks policy benefits, the bad faith action is on the policy and the [policy's one-year] limitations provision applies."); *see also Magnolia Square Homeowners Ass'n v. Safeco Ins. Co.*, 221 Cal. App. 3d 1049, 1063 (1990) (same); *Abari v. State Farm Fire & Cas. Co.*, 205 Cal. App. 3d 530, 536 (1988) (same).

Here, plaintiff's "bad faith" claim is based on the alleged withholding of policy benefits, and is thus governed by the one-year statute of limitations. (Compl., ¶ 21.) Because plaintiff's bad faith claim is based on Allstate's alleged conduct in June 2006 — more than eighteen months before he filed suit — it is thus time-barred as well. Accordingly, plaintiff's second claim for relief should be dismissed, too.

### C. At A Minimum, Plaintiff's "Bad Faith" Claim Should Be Dismissed And His Request For Tort Remedies Should Be Stricken On Preemption Grounds

Plaintiff's "bad faith" claim also fails for an additional reason: it is preempted by federal law. For the same reason, his request for tort remedies (*i.e.* attorneys' fees, interest, emotional distress damages and punitive damages) is improper and should be stricken.

In promulgating the NFIP, Congress preempted the field of flood insurance to protect the public and to regulate residential development in flood prone areas. *See Till v. United Fed. Savings & Loan Association*, 653 F.2d 152, 159 (5th Cir. 1981); *see also 3608 Sounds Ave. Condo. Assn. v. South Carolina Ins. Co.*, 58 F.Supp. 2d 499, 503 (D.N.J. 1999); *Messa v. Omaha Prop & Cas. Ins. Co.*, 122 F.Supp. 2d 513, 517 (D.N.J. 2000). As the Ninth Circuit explained in *Flick*:

> The law is clear that [flood insurance claims]… are governed by federal law…. There is a compelling interest in assuring uniformity of decision in cases involving the NFIP. [citation] "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

205 F.3d at 390.

Accordingly, in 2000, FEMA revised the Standard Flood Insurance Policy to ensure that all state claims relating to flood insurance, including those for "bad faith," are expressly preempted by the inclusion of the following mandatory policy language:

> IX. What Law Governs
>
> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.* ), and Federal common law.

44 C.F.R. § 61 App. A., Art. IX.[1] Moreover, Congress expressly legislated to defeat state court

---

[1] When FEMA added this section to the Standard Flood Insurance Policy, it effectively overruled cases decided before December 2000, such as *Cohen v. State Farm Fire and Cas.*, 68 F.Supp. 2d 1151 (C.D. Cal. 1999) and *Davis v. Travelers Property & Cas. Co.*, 96 F.Supp. 995

1   involvement in the NFIP by vesting exclusive jurisdiction over flood insurance claims in federal
2   court.  44 C.F.R. § 61 App. A, Article VII(R).

3   As a result, courts repeatedly have held that state law "bad faith" claims are preempted by
4   the National Flood Insurance Act.  *See Pecarovich v. Allstate Ins. Co*, 135 Fed. Appx. 23, 25 (9th
5   Cir. 2005); *Mason v. Witt*, 74 F.Supp. 2d 955, 963 (E.D. Cal 1999); *Bianchi v. State Farm Fire &*
6   *Cas. Co.*, 120 F.Supp. 2d 837, 841 (N.D. Cal. 2000); *Novikov v. Allstate Ins. Co.*, 2001 WL
7   880852, *5 (E.D. Cal 2001); *accord Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 949 (6th
8   Cir. 2002); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 166 (3rd Cir. 1998); *Gallup v.*
9   *Omaha Prop & Cas. Ins. Co.*, 434 F.3d 341, 344 (5th Cir. 2005); *Stapleton v. State Farm Fire &*
10  *Cas. Co.*, 11 F.Supp. 2d 1344, 1346-1347 (M.D. Fla. 1998).

11  The rationale for this rule is sound.  As explained in *Scherz v. South Carolina Ins. Co.*,
12  112 F.Supp. 2d 1000, 1008 (C.D. Cal. 2000), if "Write Your Own" insurers were subject to state
13  law "bad faith" liability, flood insurance issued by FEMA – which is not subject to bad faith
14  liability – would be treated differently from flood insurance issued by "Write Your Own"
15  insurers, resulting in inconsistent results.  *Id.*  In addition, applying state law to flood insurance
16  would be contrary to Congress' goal of having a uniform regulatory structure governing flood
17  insurance.  *Id.*

18  In short, controlling case law from the Ninth Circuit and other Circuit Courts of Appeal
19  recognizes that state law "bad faith" claims on flood policies are preempted by the NFIA.
20  Accordingly, plaintiff's second claim for relief is improper and should be dismissed or stricken.

21  By the same reasoning, plaintiff's request for tort remedies should be stricken as
22  improper.  Under Rule 12(f), a court "may order stricken from any pleading any insufficient, . . .
23  redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *see also*
24  *Safeway Stores, Inc. v. National Union Fire Ins. Co. of Pittsburgh*, 64 F.3d 1282, 1290 (9th Cir.
25  1995) (a motion to strike is the appropriate means of eliminating an improper damage claim).
26  Here, nothing in the NFIA permits recovery of attorneys' fees, interest, emotional distress
27  _____
28  (N.D. Cal. 2000) − the only California cases not to have found preemption in this context.

damages or punitive damages. *See Bianchi*, 120 F.Supp. 2d at 842 ("there is no authorization within the statutes or the regulations of the National Flood Insurance Act which allow the recovery of punitive damages"); *West*, 573 F.2d at 881 ("a prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the National Flood Insurance Act is not entitled to recover the statutory penalty and attorney's fees"); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1310-12 (11th Cir. 2001) ("prejudgment interest awards against WYO companies are direct charges on the public treasury forbidden by the no-interest rule"); *Mason*, 74 F.Supp. 2d at 963 (emotional distress damages not recoverable under the NFIA).

## IV.  CONCLUSION

According to plaintiff's own factual admissions, his suit was filed at least six months too late. Because both of plaintiff's claims are barred by the one-year statute of limitations, the complaint should be dismissed.

At a minimum, his "bad faith" claim is preempted by federal law. Accordingly, Allstate requests in the alternative that the Court dismiss plaintiff's second claim for relief and strike his request for attorneys' fees, interest, emotional distress damages and punitive damages.

Respectfully submitted,

Dated: March 17, 2008              SONNENSCHEIN NATH & ROSENTHAL LLP

By:          /s/
          SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
NORMAN LAU (State Bar No. 253690)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 North California Blvd., Suite 800
Walnut Creek, CA  94596
Telephone: (925) 949-2600
Facsimile:  (925) 949-2610

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN MANNING,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALLSTATE INSURANCE COMPANY, and DOES 1-30, Inclusive,<br><br>　　　　Defendants. | No. 3:08-cv-00238-JSW<br><br>[PROPOSED] ORDER ON DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS OR STRIKE<br><br>Date:　　May 9, 2008<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 2<br>Before:　The Hon. Jeffrey S. White |

On May 9, 2008, the motion of defendant Allstate Insurance Company to dismiss or strike portions of plaintiff's complaint came on regularly for hearing. Both sides were represented by counsel. Having reviewed the moving, opposition and reply papers, and good cause appearing therefor, the Court concludes the motion should be GRANTED.

This is an action on a flood policy issued by Allstate Insurance Company. (Complaint ("Compl."), ¶ 4.) Plaintiff alleges that, on December 31, 2005, he discovered his home and personal property had been damaged by a flood. (*Id.* at ¶ 5.) When plaintiff submitted an insurance claim, Allstate allegedly "unreasonably delayed payment of some of the benefits owed to plaintiff until on or about June 2006." (*Id.* at ¶ 8.) The complaint further alleges that Allstate "wrongfully adjusted plaintiff's claim and refused to engage in the proper claim handling process." (*Id*. at ¶ 13.) On the basis of those allegations, plaintiff sues Allstate for "breach of contract" and "breach of implied covenant of good faith and fair dealing," seeking unpaid policy

1

CASE NO. 3:08-CV-00238-JSW　　　　　　　　　　　　　　[PROPOSED] ORDER ON ALLSTATE'S
　　　　　　　　　　　　　　　　　　　　　　　　　　　　MOTION TO DISMISS OR STRIKE

1  benefits, general and special damages, emotional distress damages, attorneys' fees, costs and
2  punitive damages. (*Id.* at ¶ 15, 21-24.)
3        The Standard Flood Insurance Policy, developed in conjunction with the National Flood
4  Insurance Program, contains a contractual one-year suit limitations period. 44 C.F.R. § 61 App.
5  A, Article VII(R). Because Allstate's allegedly-deficient claim payment was made in June 2006
6  and plaintiff commenced this action January 14, 2008, the action is time-barred on its face. If
7  plaintiff contends the limitations period is tolled or otherwise inapplicable, it is incumbent upon
8  him to allege facts vitiating the limitations defense. *Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th
9  Cir. 1993) (citations omitted); *Wasco Prods. v. Southwall Techs., Inc.,* 435 F.3d 989, 991 (9th
10 Cir. 2006).
11       In addition, where a "bad faith" claim is based on the failure to pay policy benefits, the
12 contractual limitations period applies to bad faith claims. *See Velasquez v. Truck Ins. Exch.*, 1
13 Cal. App. 4th 712, 721 (1991); *Magnolia Square Homeowners Ass'n v. Safeco Ins. Co.*, 221 Cal.
14 App. 3d 1049, 1063 (1990); *Abari v. State Farm Fire & Cas. Co.*, 205 Cal. App. 3d 530, 536
15 (1988) (same). Because plaintiff failed to sue by June 2007, his bad faith claim is time-barred.
16       Finally, in any event, the National Flood Insurance Program preempts "bad faith" claims
17 brought under California law. *See Pecarovich v. Allstate Ins. Co*, 135 Fed. Appx. 23, 25 (9th
18 Cir. 2005); *Scherz v. South Carolina Ins. Co*., 112 F. Supp. 2d 1000, 1008 (C.D. Cal. 2000).
19 *Mason v. Witt*, 74 F. Supp. 2d 955, 963 (E.D. Cal 1999); *Bianchi v. State Farm Fire & Cas. Co*.,
20 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000); *Novikov v. Allstate Ins. Co*., 2001 WL 880852, *5
21 (E.D. Cal 2001). Accordingly, plaintiff's "bad faith" claim is fatally defective on its face, and
22 his prayer for attorneys' fees, interest, emotional distress damages and punitive damages is
23 improper. *See Bianchi*, 120 F.Supp. 2d at 842 (punitive damages not authorized); *West*, 573
24 F.2d at 881 (attorney's fees); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1310-12 (11th
25 Cir. 2001) (prejudgment interest); *Mason*, 74 F.Supp. 2d at 963 (emotional distress damages).
26       For the foregoing reasons, plaintiff's first claim for relief (breach of contract) is
27 dismissed with leave to allege facts establishing the statute of limitations has not expired.
28 Plaintiff's second claim for relief (bad faith) is dismissed without leave to amend, and his claims

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

1  for attorneys' fees, interest, emotional distress damages and punitive damages are stricken with
2  prejudice.
3      IT IS SO ORDERED.
4
5  Dated: _____        _____
6                                                             Jeffrey S. White
                                                United States District Judge

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

3

CASE NO. 3:08-CV-00238-JSW         [PROPOSED] ORDER ON ALLSTATE'S
                                        MOTION TO DISMISS OR STRIKE