JOSEPH JOHN TURRI (SBN: 181994)
INSURANCE LITIGATORS & COUNSELORS
445 North State Street
Ukiah, California 95482
Telephone: (707) 462-6117
Facsimile: (707) 468-5302

Attorney for Plaintiff
  BRIAN MANNING

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN MANNING,                          ) | **E - FILED** |
| )  | |
| Plaintiff,   ) | Case No.  CV 08 0238 JSW |
| )  | |
| vs.                ) | FIRST AMENDED COMPLAINT FOR |
| )  | DAMAGES FOR BREACH OF CONTRACT |
| ALLSTATE INSURANCE                  ) | |
| COMPANY, and DOES 1-30,         ) | |
| Inclusive,                                   ) | [JURY TRIAL DEMANDED] |
| )  | |
| Defendants.  ) | |
| _____) | |

Plaintiff, BRIAN MANNING, (hereafter "Plaintiff") alleges:

**Facts Common to All Causes of Action**

1.    At all relevant times, plaintiff was and is an owner of property located at 13225 S. Highway 101, Hopland, County of Mendocino, State of California.

2.    Plaintiff is informed and believes and on that basis alleges that Defendant ALLSTATE INSURANCE COMPANY (hereinafter "ALLSTATE") is, and at all times mentioned herein was, a corporation duly organized and existing under and by virtue of the laws

of the State of Illinois with its principal place of business in Cook County, Illinois. Defendant is authorized to and does transact a significant amount of the business of insurance in the State of California. Therefore, this is a civil action between a citizen and business organization of different states involving sums exclusive of interest and costs in excess of $75,000.00

3.     The true names and capacities, whether individual, corporate or otherwise of defendant DOES 1 through 30, inclusive, are unknown to plaintiff at this time. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damage proximately thereby to plaintiff as herein alleged. Plaintiff prays leave to amend this complaint as the true names and capacities of said defendants are ascertained.

4.     Defendant, ALLSTATE, through an agent, solicited and delivered to plaintiff in this state a written flood insurance policy (Policy No. 1802823235) (hereafter "The Policy") which provided coverage to structures located on the property described in Paragraph 1, that are damaged due to a flood.

5.     While the Policy was in full force and effect and plaintiff was the owner of the structure, which are located as described in Paragraph 1, in the County of Mendocino, California. The Property was discovered to have been severely damaged by flood waters on or about December 31, 2005, which was a covered loss under the Policy.

6.     Plaintiff timely filed a claim for benefits under the terms and conditions of the Policy. Plaintiff timely provided ALLSTATE with all the information requested by defendant to assure proper coverage and prompt payment for the claims.

7.     Furthermore, plaintiff paid all premiums due under the Policy to ALLSTATE and at all relevant times performed all of his obligations owed under the Policy, except for those that were waived or otherwise excused.

8.      Defendant unreasonably delayed payment of some of the benefits owed to plaintiff until on or about June 2006; at which time defendant paid plaintiff a portion of the monies owed under the policy.  Plaintiff continued to provide defendant with additional information and requested further payments for damages from the flood that were covered under the policy at issue herein.  After numerous inquiries, discussions, and submissions by plaintiff, defendant made another partial payment issued on or about January 29, 2007.  Even then, defendant did not pay plaintiff all he was due under the Policy, nor did defendant explain to plaintiff all the benefits he was due under the policy or comply with and engage in the investigation and claim handling process in a timely fashion as requested on numerous occasions and continuing through the date of filing the original complaint.

9.      Despite promptly providing ALLSTATE with a proper proof of loss and all information requested; ALLSTATE has not paid all of the benefits owed, plaintiff under the Policy, nor have they engaged in the timely processing of plaintiff's claims or responded to his requests for information, other than the last payment made on or about January 29, 2007 and received in or about February 2007.

10.     As a result of defendant's wrongful conduct, plaintiff was required to retain the services of legal counsel to obtain the benefits he is owed (which exceed $75,000).  Plaintiff now seeks those benefits and all other damages allowed under the law.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
**(As to ALLSTATE and DOES 1-20)**

11.     Plaintiff re-alleges and incorporates herein by reference each and every allegation of paragraphs 1 through 10, inclusive of this complaint.

12.     Plaintiff's structures were severely damaged by a flood on December 31, 2005 which was a covered occurrence under the Policy at issue.  Plaintiff has complied with all the various policy terms for payment of such loss, by paying the Policy premiums, notifying ALLSTATE and/or their agent promptly upon discovery of said loss, and plaintiff filed sufficient proof of loss to pay all the benefits due plaintiff required by ALLSTATE, under the Policy.

13.     Plaintiff has demanded of ALLSTATE for proper payment for the damages he suffered as a result of the Property that was destroyed by a covered occurrence, but ALLSTATE has failed and refused, and continues to fail as well as refuses to make payment of all the benefits due under the Policy, and in fact wrongfully adjusted plaintiff's claim and refused to engage in the proper claim handling process that was timely and properly requested.

14.     By wrongfully denying plaintiff's claim for benefits and wrongfully withholding and violating relevant policy provisions, ALLSTATE has denied plaintiff the right to receive the benefits of the insurance Policy.  As a direct and proximate result of the breach of contract by ALLSTATE, plaintiff has been injured in a sum representing the benefits due him under the Policy.

15.     As a further and direct and proximate result of said breaches of contract, plaintiff has suffered and will continue to suffer damages in an amount to be shown at the trial by jury and as prayed for below.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

////

////

### AS TO THE FIRST CAUSE OF ACTION

1.      For the amount of the benefits due pursuant to the contract of insurance, in an amount according to proof at trial; and

2.      For costs of the suit herein incurred; and

3.      For such other and further relief the Court may find just and proper.

Dated: April 11, 2008.                                    /s/   Joseph John Turri
                                                                  JOSEPH JOHN TURRI
                                                                  Attorney for Plaintiff

**PROOF OF SERVICE BY MAIL**

I, the undersigned, say:

I am and was at the time of the within described mailing, over 18 years of age and employed in the County of Mendocino, State of California, in which the within referred mailing occurred.  I am not a party to the cause or matter mentioned in the attached document.

My business address is 445 N. State Street, Ukiah, CA 95482.  On April 11, 2008, I served the attached **FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRAC**T by placing a copy thereof in an envelope or a copy of each in separate envelopes if more than one addressee is hereafter named, addressed to each addressee respectively at his or her office address, as follows:

> **Sonia Martin, Esq.**
> **Sonnenschein Nath & Rosenthal**
> **2121 North California Blvd., Suite 800**
> **Walnut Creek, California 94596**

Each envelope so addressed and containing such copy was then sealed and postage thereon full prepaid, and thereafter on the date and at the place this declaration was executed, shown below, deposited by me in the mail reception facility regulatory maintained by the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that he foregoing is true and correct.

Executed on April 11, 2008, at Ukiah, California.

                           /s/  Mary F. Morris                 
                          MARY F. MORRIS