MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
NORMAN LAU (State Bar No. 253690)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 North California Blvd., Suite 800
Walnut Creek, CA 94596-7342
Telephone: (925) 949-2600
Facsimile: (925) 949-2610
Email:    mbarnes@sonnenschein.com
          smartin@sonnenschein.com
          nlau@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN MANNING,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, and Does 1-30, Inclusive,<br><br>　　　　Defendants. | No. 3:08-cv-00238-JSW<br><br>ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendant Allstate Insurance Company ("Allstate"), a Write Your Own ("WYO") Carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA") of 1968, as amended (see 42 U.S.C. § 4001, *et seq.*), and appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] and hereby answers the First Amended Complaint for Damages for Breach of Contract ("Complaint") of plaintiff Brian Manning ("Plaintiff") as follows. Unless indicated otherwise,

---

[1] 44 C.F.R. § 62.23(f).

[2] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

each paragraph below corresponds with the paragraph of the Complaint bearing the same number:

**Facts Common to All Causes of Action**

1. The allegations contained in paragraph 1 of the Plaintiff's Complaint are admitted upon information and belief.

2. The allegations contained in paragraph 2 of the Plaintiff's Complaint are admitted. Answering further, Allstate is at all times acting as a WYO carrier participating in the NFIP pursuant to the NFIA, as amended. In additional to this Court having jurisdiction pursuant to 28 U.S.C. §1332, this Court has jurisdiction pursuant to 42 U.S.C. § 4072, 28 U.S.C. § 1331, and 28, U.S.C. § 1337.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint are denied. Allstate denies that "Doe" defendants are permitted in federal court. Allstate lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 3 and, on that basis, denies them.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint are admitted in part and denied in part. Allstate admits that it issued the Plaintiff a NFIP Standard Flood Insurance Policy (SFIP) bearing policy number 1802823235 for the property commonly identified as 13225 South Highway 101, Hopland, County of Mendocino, California. The SFIP is a document that speaks for itself, and Allstate denies any allegations that are inconsistent with the policy. Answering further, Allstate denies all remaining allegations in paragraph 4.

5. The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted in part and denied in part. Upon information and belief, Allstate admits the first sentence of paragraph 5. Answering further, Allstate admits that the property was damaged by flood waters on or about December 31, 2005. All remaining allegations are denied.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint are admitted in part and denied in part. Allstate admits, on information and belief, that Plaintiff has paid all premiums due under the policy. Allstate denies all remaining allegations in paragraph 7.

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600

8. The allegations contained in paragraph 8 of Plaintiff's Complaint are admitted in part and denied in part. Allstate admits that it made payments to the Plaintiff in or about June 2006 and January 2007. All remaining allegations in paragraph 8 are denied.

9. The allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10. The allegations contained in paragraph 10 of Plaintiff's Complaint are denied.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(As to ALLSTATE and DOES 1-20)**

11. The allegations contained in paragraph 11 of Plaintiff's Complaint are denied for the same reasons set forth in response to paragraphs 1-10 above.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint are admitted in part and denied in part. Allstate admits on information and belief that the property was damaged by flood on or about December 31, 2005. All remaining allegations in paragraph 12 are denied.

13. The allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint are denied.

15. The allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Plaintiff's Complaint fails to set forth any claim upon which relief may be granted by this Honorable Court.

**SECOND DEFENSE**

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1) or (2), Art. VII(R). Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. §§1331 and 1337.

**THIRD DEFENSE**

Plaintiff's SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiff's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits the Plaintiff is seeking under the policy, Plaintiff must meet his

burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1) or (2), Art. VII, each provision of which is expressly pleaded herein by reference.

### FOURTH DEFENSE

Plaintiff did not rely on any alleged misrepresentations of Defendant or any other person or entity. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1) or (2), Art. VII(J)(5), (7), and (8).

### FIFTH DEFENSE

The responsibilities of the Defendant to the Plaintiff, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) or (2) at "Agreement." Pursuant to that regulation/contract, Plaintiff has no cause to complain of the strictures of the NFIP, for he agreed to be bound by all program rules as a condition of the insurance the Plaintiff sought.

### SIXTH DEFENSE

To the extent that the Plaintiff contests to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of his SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, Defendant prays that the Court order the return by the Plaintiff of any amounts previously paid to the Plaintiff under his SFIP, and that the Defendant thereupon reimburse to the Plaintiff his premium payment for the policy term in effect on the date of loss.

### SEVENTH DEFENSE

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical

loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiff's recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1) or (2).

**EIGHTH DEFENSE**

Some or all of the claims of the Plaintiff are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1) or (2), including but not limited to Articles III, IV, V, and VII including all subparts.

**NINTH DEFENSE**

Defendant asserts the right to a credit for any claims payments that have already been made, and/or which might be made during the pendency of this action, but prior to final judgment.

**TENTH DEFENSE**

If the Plaintiff's SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1) or (2), Art. VII(P). Defendant affirmatively asserts that the Plaintiff does not have the right in an NFIP claims dispute to require this Court to conduct a trial on the merits solely upon the issue of pricing or quantum.

**ELEVENTH DEFENSE**

By statute, the Defendant is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all

of the WYO Program companies and all of the insureds in a nationally uniform manner.

**TWELFTH DEFENSE**

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), and §62.23(k), as well as SFIP Art. VII(D). Defendant thus affirmatively pleads that it cannot legally waive program requirements, and instead are required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes.

**THIRTEENTH DEFENSE**

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiff beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the NFIP via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

**FOURTEENTH DEFENSE**

Some or all of the damage claimed by the Plaintiff were the result of causes not within the scope of the SFIP, including but not limited to damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Based on the federal caselaw, all burdens of proof rest upon the Plaintiff.

**FIFTEENTH DEFENSE**

If any of the Plaintiff's damages are a result of a failure by the Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

**SIXTEENTH DEFENSE**

In the event of any recovery by the Plaintiff, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

**SEVENTEENTH DEFENSE**

Defendant has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a 3.3% commission for every dollar paid to an insured under a Standard Flood Insurance Policy. In other words, the greater the amount paid to an insured under a Standard Flood Insurance Policy, the higher the fee Allstate will receive from the federal government for handling the claim.

**EIGHTEENTH DEFENSE**

Federal law expressly invalidates and precludes all oral and written binders in the context of the NFIP. To the extent Plaintiff seeks to claim any promises of coverage, such promises are invalid and unenforceable as a matter of federal law.

**NINETEENTH DEFENSE**

Plaintiff has failed to meet all conditions precedent by failing to comply with the Proof of Loss, documentation requirements, and the terms and conditions of the extension filed by the Federal Insurance Administrator. As such, Plaintiff's claims are barred by Article VII(J)(3) and (4) of the SFIP.

**TWENTIETH DEFENSE**

The damages complained of are excluded pursuant to Article VII(R) of the SFIP as Plaintiff has failed to comply with the requirements of the policy prior to suit.

/ / /

/ / /

## TWENTY-FIRST DEFENSE

### (Right to Assert Additional Defenses)

Allstate reserves its right to amend its Answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, Allstate prays for judgment as follows:

1. That plaintiff take nothing by way of his Complaint;
2. That the Complaint be dismissed with prejudice and judgment entered in favor of Allstate;
3. That Allstate be awarded costs and attorneys' fees incurred in this action; and
4. For such other and further relief as this Court deems just and proper.

Dated: April 28, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP


By _____/s/_____
                    SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27296718