1  JOSEPH JOHN TURRI (State Bar No. 181994)
   INSURANCE LITIGATORS & COUNSELORS
2  445 North State Street
   Ukiah, CA 95482
3  Telephone: (707) 462-6117
   Facsimile: (707) 468-5302
4  Email:      insterminator@aol.com

5  Attorneys for Plaintiff
   BRIAN MANNING
6

7  MICHAEL BARNES (State Bar No. 121314)
   SONIA MARTIN (State Bar No. 191148)
8  NORMAN LAU (State Bar No. 253690)
   SONNENSCHEIN NATH & ROSENTHAL LLP
9  2121 North California Blvd., Suite 800
   Walnut Creek, CA 94596
10 Telephone: (925) 949-2600
   Facsimile: (925) 949-2610
11 Email:      mbarnes@sonnenschein.com
               smartin@sonnenschein.com
12             nlau@sonnenschein.com

13 Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY
14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18  BRIAN MANNING,                    | No. 3:08-cv-00238-JSW
19        Plaintiff,                  | JOINT CASE MANAGEMENT
                                      | STATEMENT AND [PROPOSED] ORDER
20        vs.                         |
                                      | Date:   May 9, 2008
21  ALLSTATE INSURANCE COMPANY,       | Time:   1:30 p.m.
    and DOES 1-30, Inclusive,         | Place:  Courtroom 2, 17th Floor
22                                    | Before: Hon. Jeffrey S. White
          Defendants.                 |
23

24

25        Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a), the parties to

26 the above-titled action submit this Joint Case Management Statement and Proposed Order with

27 respect to the Case Management Conference set for May 9, 2008, and request that the Court

28 adopt it as the Case Management Order.

**1. Jurisdiction and Service:**

This Court has exclusive original jurisdiction over the Superior Court Action pursuant to 42 U.S.C. § 4072. This Court also has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1337. Plaintiff and Allstate Insurance Company ("Allstate") are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

There are no issues regarding personal jurisdiction and venue. All parties have been served.

**2. Facts:**

Allstate issued a National Flood Insurance Program (NFIP) Standard Flood Insurance Policy (SFIP) to Brian Manning for the property commonly identified as 13225 S. Highway 101 in Hopland, County of Mendocino. On December 31, 2005, the property was damaged by or from flood. Plaintiff made a claim under his SFIP for the date of loss at issue. In March 2006, Allstate paid the Plaintiff approximately $123,154.69. Thereafter, Plaintiff made a claim for further benefits under his SFIP on or about May 9, 2006. On February 1, 2007, Allstate paid $31,956.02 in additional benefits under the SFIP.

On April 9, 2007, plaintiff submitted another supplemental claim. Allstate requested detailed supporting documentation, but did not receive any, so no further payments were made. Allstate closed its file in October 2007.

Plaintiff alleges he has provided all the additional documentation necessary to receive the additional benefits he claims. Plaintiff sues Allstate for "breach of contract" seeking special, general, and consequential damages, attorneys fees, and costs of suit.

Plaintiff contends Allstate has not paid all benefits due under the policy. Allstate contends it paid plaintiff all benefits due under the policy.

**3. Legal Issues:**

One or more party contends the following legal issues are in dispute:

1. Whether Allstate breached the policy?;

2. Whether Plaintiff breached the policy by failing to meet all necessary conditions precedent prior to filing suit?;

1  **3**. Whether plaintiff can state a valid claim against Allstate.

2  **4.** **Motions:**

3  Allstate moved to dismiss plaintiff's complaint or in the alternative, strike portions of the complaint on March 17, 2008. By stipulation dated April 2, 2008, plaintiff agreed to dismiss his second cause of action (for "bad faith") with prejudice and to file a First Amended Complaint no later than April 15, 2008 for breach of contract claims only.

Following discovery, Allstate intends to move for summary judgment.

**5.** **Amendment of Pleadings:**

Plaintiff filed his First Amended Complaint on April 11, 2008.

**6.** **Evidence Preservation:**

The parties have taken appropriate steps to ensure the preservation of evidence.

**7.** **Disclosures:**

The parties will serve their initial disclosure statements on or before May 9, 2008.

**8.** **Discovery:**

The parties plan to conduct discovery regarding all allegations in the complaint. The parties anticipate propounding written discovery and deposing the parties and other relevant witnesses. The parties do not believe any modification to the Federal Rules is necessary at this time and currently anticipate no dispute requiring the Court's intervention.

Plaintiff anticipates deposing the claim adjusters as well as serving requests for admissions and interrogatories.

Allstate anticipates deposing plaintiff, any expert(s) named by the Plaintiff, contractors who performed any repairs to the property and other third party witnesses who possess knowledge bearing on plaintiff's claim. Allstate also anticipates serving contention interrogatories and requests for admissions on plaintiff.

**9.** **Related Cases:**

There are no currently pending related cases.

**10. Relief:**

Plaintiff's Statement

Plaintiff's amended complaint seeks the unpaid benefits he contends are owed approximatey $75,555.

Defendant's Statement

Allstate seeks judgment in its favor.

**11. Settlement and ADR:**

The parties have not filed a Stipulation and Proposed Order selecting an ADR process but the ADR process that the parties jointly request is: Early Neutral Evaluation.

**12. Consent to Magistrate:**

Allstate respectfully declined assignment of this action to a Magistrate Judge.

**13. Other References:**

The parties do not believe any other reference is necessary at this time.

**14. Narrowing of Issues:**

The parties believe it is premature to narrow the issues through stipulation at this time. However, as discovery progresses, the parties will re-evaluate this issue.

**15. Scheduling:**

The parties do not believe this case should be handled on an expedited basis. The parties propose the following schedule for discovery, motions and trial:

| | |
|---|---|
| Exchange of Initial Disclosures: | Completed |
| FRCP 26(a)(2) expert disclosures: | December 12, 2008 |
| FRCP 26(a)(2) rebuttal disclosures: | January 11, 2009 |
| Non-expert discovery cut-off: | December 24, 2008 |
| Expert Discovery cut-off: | January 23, 2009 |
| Dispositive pre-trial motion filing cut-off: | February 6, 2009 |
| Dispositive pre-trial motion hearing cut-off: | March 13, 2009 |
| Pretrial conference statements: | March 24, 2009 |
| Pretrial conference: | April 13, 2009 |

**16. Trial:**

The parties request a trial date of May 18, 2009.

**17. Disclosure of Non-Party Interested Entities or Persons:**

The parties are not aware of any interested parties required to be disclosed pursuant to Northern District Local Rule 3-16.

Dated: May 1, 2008

Respectfully submitted,
SONNENSCHEIN NATH & ROSENTHAL LLP


By_____/s/_____
           SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY


Dated: May 1, 2008

Respectfully submitted,
INSURANCE LITIGATORS & COUNSELORS


By_____/s/_____
        JOSEPH JOHN TURRI

Attorneys for Plaintiff
BRIAN MANNING

27293218

1
2                                    **[PROPOSED] ORDER**
3        The Case Management Statement and Proposed Order is hereby adopted by the Court as
4   the Case Management Order for the case and the parties are ordered to comply with this Order.
5        [The Court may wish to make additional orders as follows:
6   _____
7   _____
8   _____
9        IT IS SO ORDERED.
10
11   Date: _____
                                                  Jeffrey S. White
12                                                United States District Court
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28