UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Manning, | No. CV08-00238 EMC |
| Plaintiff, | **CASE MANAGEMENT AND PRETRIAL ORDER FOR COURT TRIAL** |
| v. | |
| Allstate Insurance Company, | |
| Defendant. | |
| _____ / | |

Following the Case Management Conference held on **7/2/2008,** IT IS HEREBY ORDERED THAT:

A further case management conference is set for **11/19/2008 at 2:30 p.m.** before Magistrate Judge Chen in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.  Updated joint case management conference statement is due **11/12/2008.**

Pursuant to Fed.R.Civ.P. 16, IT IS FURTHER ORDERED THAT the following case management and pretrial order is entered:

1. <u>TRIAL DATE</u>

    a. The parties stipulated to a court trial.  The court trial shall begin on **8/3/2009 at 8:30 a.m.** in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

     b.     The length of the trial will be not more than **two (2) days.** Court hours for trial are 8:30 a.m. to 1:30 p.m. Wednesdays are reserved for law and motion and other matters.

2. DISCOVERY

     a.     All non-expert discovery shall be completed by **3/16/2009.**

     b.     Prior to mediation, there shall be no formal discovery. The parties shall conduct reasonable informal exchange of documents. Plaintiff shall identify with specificity the elements of damages claimed. Should mediation fail, any further discovery shall be taken pursuant to further order of the Court.

     d.     Experts shall be disclosed and reports provided by plaintiff and defendant by **3/16/2009**.

     e.     Rebuttal experts shall be disclosed and reports provided by **3/30/2009.**

     f.     All discovery from experts shall be completed by **4/13/2009.**

     g.     Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

3. MOTIONS

The last day for **hearing** dispositive motions shall be **5/13/2009**. Dispositive motions shall be served and filed no later than thirty-five (35) days prior to the scheduled hearing date. Any opposition shall be served and filed no later than twenty-one (21) days prior to the hearing date. Any reply to the opposition shall be served and filed no later than fourteen (14) days prior to the date of the hearing.

4. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

This case is referred to the Alternative Dispute Resolution Program for mediation. ADR is to be completed within **90 to 120 days**.

5. PRETRIAL CONFERENCE

     a.     A pretrial conference shall be held on **7/22/2009 at 3:00 p.m.** in Courtroom C, 15th Floor. Lead counsel who will try the case (or the party if *pro se*) must attend.

  b. **6/23/2009**, thirty (30) days prior to the date of the pretrial conference, lead counsel shall meet and confer regarding:

    (1) Preparation and content of the joint pretrial conference statement;

    (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

    (3) Settlement of the action.

  c. **7/3/2009**, twenty (20) days prior to the pretrial conference, counsel and/or parties shall:

    (1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

     (a) *The Action.*

      (i) <u>Substance of the Action.</u>  A brief description of the substance of claims and defenses which remain to be decided.

      (ii) <u>Relief Prayed.</u>  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

     (b) *The Factual Basis of the Action.*

      (i) <u>Undisputed Facts.</u>  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

      (ii) <u>Disputed Factual Issues.</u>  A plain and concise statement of all disputed factual issues which remain to be decided.

      (iii) <u>Agreed Statement.</u>  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

        (iv)    <u>Stipulations.</u>  A statement of stipulations requested or proposed for pretrial or trial purposes.

  (c)  *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions, any and procedural or evidentiary issues.

  (d)  *Trial Preparation.*

        (i)    <u>Witnesses to Be Called.</u>  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

        (ii)    <u>Estimate of Trial Time.</u>  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

        (iii)    <u>Use of Discovery Responses.</u>  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

  (e)  *Trial Alternatives and Options.*

        (i)    <u>Settlement Discussion.</u>  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

      (ii) <u>Amendments, Dismissals.</u>  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

      (iii) <u>Bifurcation, Separate Trial of Issues.</u>  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

  (f) *Miscellaneous.*

    Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony of any expert witness) and joint proposed findings of fact and conclusions of law.  The findings of fact shall set forth in simple, declarative sentences, separately numbered, all factual contentions relied upon by the party in support of its claims for relief and shall be free of pejorative language and argument.  Counsel shall submit separately their disputed findings of fact and conclusions of law.  Counsel shall deliver to chambers a copy of their proposed findings of fact and conclusions of law on a computer diskette compatible with WordPerfect 6.1 or 8.0 for Windows.

(3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(4) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(5) Exchange exhibits which shall be prepared (plaintiff shall use numbers; defendant shall use letters) and tabbed; and

(6) Deliver two sets of all prepared exhibits to chambers (exhibits are not to be filed).

1   No party shall be permitted to call any witness or offer any exhibit in its case in chief that is
2 not disclosed in its pretrial statement without leave of the Court and for good cause.
3   d.   **7/13/2009**, ten (10) days prior to the pretrial conference, after meeting and conferring
4 in a good faith attempt to resolve and objections, counsel and/or parties shall serve and file: (1) any
5 objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to
6 witnesses, including the qualifications of an expert; (3) any opposition to a motion in limine.
7   e.   All motions in limine and objections shall be heard at the pretrial conference.
8 6.   All documents filed with the Clerk of the Court shall list the civil case number followed only
9 by the initials "EMC." One copy must be clearly marked as a chambers copy. Chambers' copies
10 shall be three-hole punched at the left side, suitable for insertion into standard binders.

12 Dated: July 3, 2008

13   _____
    EDWARD M. CHEN
    United States Magistrate Judge

**United States District Court**
For the Northern District of California